**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **DUAINE B. HICKS,** | |
| **Plaintiff,** | |
| **v.** | **1:04-cv-3603-WSD** |
| **FREDERICK J. HANNA & ASSOCIATES, FREDERICK J. HANNA, ATTORNEY, and DENNIS E. HENRY, ATTORNEY,** | |
| **Defendants.** | |

## <u>ORDER</u>

This matter is before the Court on Defendants Frederick J. Hanna &

Associates, Frederick J. Hanna and Dennis E. Henry's (collectively "Defendants")

Motion for Summary Judgment [19].

## I.      <u>BACKGROUND</u>

Plaintiff Duaine B. Hicks ("Plaintiff") filed his Complaint in this matter on

December 13, 2004.  (Compl. [1].)  Plaintiff alleges Defendant Frederick J. Hanna

& Associates (the "Firm"), a law firm engaged in a debt-collection practice,

Defendant Dennis E. Henry ("Henry"), a Georgia-licensed attorney employed by

the Firm, and Defendant Frederick J. Hanna ("Hanna"), the owner of the Firm,

violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*., in attempting to collect a consumer debt from Plaintiff on behalf of the Firm's client Unifund CCR Partners ("Unifund").  Plaintiff specifically contends that Defendants prepared and sent Plaintiff a collection letter (the "Letter") which was signed by Defendant Henry.  (Jan. 9, 2004 Letter, attached as Ex. 1 to Pl.'s Compl.)  Plaintiff argues the Letter is misleading because it suggests an attorney and law firm were involved in the collection of Plaintiff's debt, but Plaintiff claims the Letter was prepared and sent without meaningful review by an attorney. (Compl. ¶¶ 17, 18; Jan. 9, 2004 Letter.)

Information regarding debts owed to the Firm's clients is downloaded to the Firm through electronic-data download on a monthly or bi-monthly basis.  (Hanna Aff., attached to Defs.' Mot. for Summ. J., ¶ 7.)  At Defendant Hanna's direction, employees of the Firm, both lawyers and non-lawyers, evaluate the Unifund accounts for collectability.  (Id. ¶ 11.)  On January 5, 2004, four days before Defendants sent the Letter to Plaintiff, information regarding Plaintiff's account with Unifund was made available to Defendants.  (Id. ¶ 9.)  Defendant Hanna testified that Defendants' file on Plaintiff included the following information:  Plaintiff's name, address, identifying information, account number, type of account, prior

issuer or owner of account, account balance, interest rate, account terms, charge

off or default date, and Plaintiffs' last credit card statement from the original

creditor.  (Id. ¶ 12; Henry Aff. ¶ 3; Defs.' Statement of Material Facts ¶ 3.)

      Defendant Henry testified that Lena Rigogliosi, the Firm's account manager

for Unifund accounts, prepared the Letter from the available information regarding

Plaintiff's account.  (Henry Aff. ¶ 5.)  Defendant Henry read the Letter and

checked it for errors before signing it.  Defendants determined that Plaintiff's

address was correct and that "the debt in question was valid."  (Hanna Aff. ¶ 12.)

Defendant Hanna also testified that "[t]he entire process and handling of Plaintiff

Hicks' account, from prior to placement, the actual placement, review of the file,

the debtor's credit report, their last statement, letter being typed, letter being

reviewed, and signed, the letter being mailed, until a law suit is filed, was handled by

an attorney of th[e] Firm, or supervised by an attorney of th[e] Firm."  (Id. ¶ 13.)

      Plaintiff relies primarily on deposition testimony given by Defendants Henry

and Hanna in an unrelated action.[1]  Defendant Henry testified in that action that his

general day-to-day activities as an attorney at the Firm include signing initial demand

---

     [1]  Defendants' depositions were taken on September 23, 2004, in Anderson
v. Frederick J. Hanna & Associates, et al., No. 04-cv-0636-MHS.

letters, reviewing and signing follow-up letters and signing most of the pleadings.
(Pl.'s Add'l Material Facts ¶ 6.)  Defendant Henry further testified that he signs
"maybe a hundred, couple hundred" initial demand letters on an average day.  (Id. ¶
7.)  Defendant Henry also testified that Defendant Hanna reviews the accounts and
decides for which ones collection letters must be prepared and sent, and Defendant
Henry reviews each collection letter that he receives for missing information.
(Henry Dep., attached as Ex. 2 to Pl.'s Opp'n to Defs.' Mot. for Summ. J., at 8;
Pl.'s Add'l Material Facts ¶ 9.)  Defendants' testimony regarding their handling of
accounts is limited to the Firm's Bank of America accounts.  (Henry Dep. at 8.)
Plaintiff notes that neither Defendant Hanna nor Henry made entries on the Firm's
paperless file for Plaintiff, which records when individuals access the file.
(See Plaintiff's Add'l Material Facts ¶¶ 11-12; Hicks Paperless File, attached as
Ex. 3B to Pl.'s Opp'n to Defs.' Mot. for Summ. J.)  Plaintiff claims the absence of
these entries evidence an absence of attorney review.  The paperless file, however,
does indicate activity on the account during the four days preceding the sending of
the Letter, and further indicates the Firm brought suit against Plaintiff to recover the
debt less than two months after the Letter was sent.  (Id.)

Defendants move for summary judgment on the grounds that the Defendants were involved in the preparation and sending of the Letter and thus the representation that the Letter was from an attorney was not false, misleading or deceptive in violation of the FDCPA.  Defendants also move for summary judgment on their counterclaim for attorneys' fees.  Plaintiff contends "[t]he disputed fact which remains is whether or not the defendants' collection activities were sufficient for Defendant Henry to sign his name to the collection letter without misrepresenting that he was meaningfully involved as a lawyer in the collection of the plaintiff's debt."  (Pl.'s Opp'n to Defs.' Mot. for Summ. J. at 4.)

## II.   DISCUSSION

### A.    Summary Judgment Standard

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The party seeking summary judgment bears the burden of demonstrating the absence of a genuine dispute as to any material fact.  Herzog v. Castle Rock Entm't, 193 F.3d 1241, 1246 (11th Cir. 1999).  Once the moving party has met this burden, the non-

movant must demonstrate that summary judgment is inappropriate by designating specific facts showing a genuine issue for trial.  Graham v. State Farm Mut. Ins. Co., 193 F.3d 1274, 1282 (11th Cir. 1999).  The non-moving party "need not present evidence in a form necessary for admission at trial; however, he may not merely rest on his pleadings."  Id.

The Court must view all evidence in the light most favorable to the party opposing the motion and must resolve all reasonable doubts in the non-movant's favor.  United of Omaha Life Ins. Co. v. Sun Life Ins. Co. of Am., 894 F.2d 1555, 1558 (11th Cir. 1990).  "[C]redibility determinations, the weighing of evidence, and the drawing of inferences from the facts are the function of the jury . . . ."  Graham, 193 F.3d at 1282.  "If the record presents factual issues, the court must not decide them; it must deny the motion and proceed to trial."  Herzog, 193 F.3d at 1246.  But, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party," summary judgment for the moving party is proper.  Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

B.      Defendants' Motion for Summary Judgment

Plaintiff alleges Defendants' conduct violated the FDCPA, including

violations of 15 U.S.C. §§ 1692e, 1692e(3) and 1692e(10).  These provisions

provide:

> A debt collector may not use any false, deceptive, or
> misleading representation or means in connection with the
> collection of any debt.  Without limiting the general
> application of the foregoing, the following conduct is a
> violation of this section:
> . . .
> (3) The false representation or implication that any
> individual is an attorney or that any communication is
> from an attorney.
> . . .
> (10) The use of any false representation or deceptive
> means to collect or attempt to collect any debt or to
> obtain information concerning a consumer.

15 U.S.C. § 1692e.

The collection letter sent to Plaintiff stated:  "Please be advised that this law

firm represents UNIFUND CCR PARTNERS ASSIGNEE OF FIRST USA

BANK and as such, I am handling the collection of said debt from you."  The

Letter is signed by Defendant Henry and printed on the Firm's letterhead.

Plaintiff's contention is that the collection letter was sent by Defendant Henry, on

behalf of all Defendants, without "meaningful attorney review," and the

representation that the collection letter was from an attorney, therefore, was a false representation that violated the FDCPA.[2]  (Pl.'s Opp'n to Defs.' Mot. for Summ. J. at 10.)

The parties do not dispute that the Letter was sent from a law firm and signed by an attorney, and that Defendants are "debt collectors" who can be held liable under the FDCPA.  (Defs.' Mot. for Summ. J. at 1.)  The sole issue before the Court is whether Defendants' representation that the Letter was from an attorney was false.

To comply with the FDCPA requirements prohibiting false representations, "some degree of attorney involvement is required before a letter will be considered 'from an attorney' within the meaning of the FDCPA."  Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 300-01 (2d Cir. 2003).  A debt-collection letter from an attorney conveys the impression that an attorney has managed or supervised the process through which the letter was sent, has assessed the validity of the debt, is prepared to take legal action to collect the debt, and has therefore

_____

[2]  The Court employs a "least sophisticated consumer" test to determine if a representation by a debt collector is false, misleading or deceptive.  Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1175 (11th Cir. 1985).

decided to send a letter conveying that message.  Nielsen v. Dickerson, 307 F.3d 623, 635 (7th Cir. 2002) (citation omitted).  "If, however, the letter to the debtor is not the product of the attorney's professional judgment -- if he has not independently determined that the debt is ripe for legal action by reviewing the debtor's file, for example; if he has not exercised discretion in deciding whether and when the letter should be sent to a given debtor; if he does not see the individual letter before it is sent -- then the then the letter is misleading."  Id.  The Nielson court found the attorney-defendants had violated the FDCPA because they were not meaningfully involved in the process of assessing the debt or sending the collection letters.  The court emphasized several factors, including, *inter alia*:  (i) the law firm's client made the decision to send a letter and provided the firm with only the limited information necessary to send a letter; (ii) the client reserved the right to approve the issuance of a letter; (iii) the client referred over 2,000 accounts per month to the firm and the firm processed the accounts in an "assembly-line fashion"; (iv) the client handled all debtor responses to the firm's letter and "there is no evidence that [the attorney] ever substantively handled the responses"; and (v) the firm never took legal action in pursuit of the client's debts and was not authorized to take such action except upon the client's direction.  Id. at 635-36.

-9-

See also Avila v. Rubin, 84 F.3d 222, 228-29 (7th Cir. 1996) (finding the attorney-defendant violated the statute because the attorney did not review the debtor's file, determine when letters should be sent, approve the sending of letters upon his own judgment or the recommendation of others, or see the letters or know the identities of the recipient-debtors before they were sent); Clomon v. Jackson, 988 F.2d 1314, 1320 (2d Cir. 1993) (finding mass-produced collection letters bearing facsimile signature of attorney violated the FDCPA; "the fact that [the attorney] played virtually no day-to-day role in the debt collection process supports the conclusion that the collection letters were not 'from' [the attorney] in any meaningful sense of that word.").

In this case, Defendants present evidence, which is undisputed, that employees of the Firm evaluate the Unifund accounts for collectability and reviewed information regarding Plaintiff's account, including the account balance, terms, interest rate, charge off or default date and the last credit card statement from the original creditor. The evidence is further that these employees work under the direct supervision of the attorneys in the Firm. In the case of this letter, Ms. Rigogliosi received the account of the Plaintiff and drafted a letter to him for review by attorneys in the Firm. The Letter she drafted was then reviewed by Defendant

Henry, who, besides approving the form and content of the Letter, also previously determined that the debt in question was valid.  Defendants testify that the "entire process and handling of Plaintiff Hicks' account," from reviewing the file, to preparing the Letter, to filing a law suit against Plaintiff, "was handled by an attorney of th[e] Firm, or supervised by an attorney of th[e] Firm."  This process and management of a litigation practice of this kind is consistent with model law firm processes and practices.  The only evidence presented by Plaintiff is the Defendants' deposition testimony in an unrelated case and the paperless file records produced during discovery.  The testimony cited by Plaintiff does not refer to Unifund accounts, but only the Firm's collection practices with regards to Bank of America accounts.  Plaintiff does not present any evidence regarding Defendants' handling of the Firm's Unifund accounts, and fails to raise a reasonable doubt regarding Defendants' contentions that it reviews and evaluates its Unifund accounts, including Plaintiff's account, prior to sending collection letters.[3]

---

[3] Defendants' deposition testimony, in light of the number of accounts handled, may demonstrate the Firm was not at the time of this other litigation "meaningfully" involved in sending collection letters for its Bank of America accounts.  The evidence does not, however, demonstrate that the Firm is not now "meaningfully" involved in the collection of its Unifund accounts.

Plaintiff's argument that the paperless file records indicate neither Defendant reviewed Plaintiff's account prior to sending the Letter is not supported by evidence in the record.  The file indicates activity in Plaintiff's account before the Letter was sent, and there is no basis to conclude that the file was not reviewed. Indeed, there is direct testimonial evidence by the attorneys in the Firm that they reviewed this file and made a professional judgment that the debt was collectible. That the process began with an evaluation of the account and the drafting of the Letter by a non-lawyer is not compelling.  The Georgia Rules of Professional Conduct specifically anticipate practice using non-lawyer personnel.  Comment 1 to Rule 5.3 of the professional conduct rules states:  "Lawyers generally employ assistants in their practice . . . .  Such assistants . . . act for the lawyer in rendition of the lawyer's professional services."  The rule requires those assisting the lawyer to be supervised.  In short, Plaintiff has not provided any basis for the Court to determine that Defendants did not review adequately Plaintiff's file.

The Firm appears to have had substantial discretion to pursue recovery of the debt after sending the Letter.  The file indicates the Firm filed suit and pursued litigation against Plaintiff after Plaintiff failed to pay his debt.  This distinguishes this case from <u>Nielsen</u>, where the court noted the defendant did not handle responses to

the collection letter and never took legal action against the debtor.  307 F.3d at 637.

That an action was filed is consistent with the testimonial evidence that a

professional determination was made that an actionable claim against the Plaintiff

existed and demonstrates Defendants exercised professional judgment in the overall

handling of Plaintiff's debt.

In evaluating the undisputed evidence in this case as it pertains to the Letter

sent to the Plaintiff, the Court is aware of the potential for violation of the FDCPA

in practices like that of the Defendants.  The Court agrees that collection practices

by lawyers can be improperly managed by putting into place an initial demand letter

process in which lawyers do not meaningfully participate which serves the purpose

of narrowing the accounts on which the lawyers are required to focus.  When

letters are sent under the name of a law firm, the lawyers in that firm are legally

obligated to conduct a meaningful review of the accounts before such a letter is

sent.  Failure to do so violates the FDCPA.  Here, however, Plaintiff has not

meaningfully investigated the practices in place in connection with the Plaintiff's

debt and the facts presented here are that the Defendants did meaningfully review

the claims against the Plaintiff before the Letter was sent.  See Graham, 193 F.3d at

1282 (finding after party moving for summary judgment has met its burden, the

-13-

non-movant must demonstrate that summary judgment is inappropriate by designating specific facts showing a genuine issue for trial); Cf. Miller, 321 F.3d at 306-07 (denying defendant's motion for summary judgment because plaintiff's Rule 56(f) affidavit indicated evidence may be adduced that defendant lacked "sufficient professional involvement with plaintiff's file that the letters could be said to be from an attorney").  On the evidence before the Court, the Court concludes that no reasonable jury could find the representation in the Letter that it was from an attorney was false, misleading or deceptive.[4]

### III.   CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment [19] is **GRANTED**.

---

[4] Defendants request attorneys' fees in this action.  "On a finding by the court that an action under [the FDCPA] was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs."  15 U.S.C. § 1692k(a)(3). Defendants have provided no evidence or argument demonstrating that Plaintiff's action was brought in bad faith or for the purpose of harassment.  Accordingly, Defendants' request for attorneys' fees is denied.

**SO ORDERED**, this 21st day of October, 2005.


_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE